```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ALEXANDER FELIZ,<br><br>      Plaintiff,<br><br>   -against-<br><br>JUNG PARK, *et al.*,<br><br>      Defendants. | 19-CV-11661 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently detained at Rikers Island, brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendants violated his rights by prosecuting him. By order dated January 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this civil action to challenge his recent conviction in New York State Supreme Court, New York County. He names as Defendants: (1) Jung Park, the Assistant District Attorney (ADA) who prosecuted him; (2) Judge Abraham Clott and (3) Judge Charles Solomon, state-court judges who presided over Plaintiff's criminal proceedings; (4) Tony Durante, the Warden at the Manhattan Detention Center (MDC), where Plaintiff was held during his criminal proceedings; and (5) the People of the State of New York. For relief, Plaintiff seeks "trillions" of dollars in money damages. (ECF No. 2 at 35.)

Plaintiff alleges that Defendants violated his constitutional rights during his criminal proceedings in the following ways:

1. ADA Park illegally "charged" Plaintiff with murder in the second degree.

2. Park failed to comply with New York's speedy trial statute, *see* N.Y. C.P.L § 180.80.

3. Park and Durante failed to ensure that Plaintiff was present during the grand jury proceedings; and an unnamed party allowed the proceeding to continue without a stenographer.

4. Unnamed officers illegally seized Plaintiff's property and Park illegally used that property as evidence in Plaintiff's criminal proceedings.

5. Park did not acknowledge that witnesses committed perjury.

6. Park used a video interrogation of Plaintiff, even though officers did not advise Plaintiff of his *Miranda* rights before questioning him.

7. Judge Clott presided over Plaintiff's "illegal case" and denied Plaintiff's pretrial motions.

8. Judge Solomon illegally arraigned Plaintiff and did not require Durante to produce Plaintiff for the grand jury proceeding, "violat[ing] the entire U.S. Constitution." (ECF 2 at 12.)

Plaintiff attaches to the complaint documents created by the New York State Unified Court System regarding his criminal proceedings, indicating that on November 20, 2019, a jury found Plaintiff guilty of intentional and felony murder, and that his sentencing was scheduled for January 16, 2020. (ECF 2 at 29.)

## DISCUSSION

**A.   Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant Park are based on actions within the scope of Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir.

2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.    Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff's claims against Defendants Clott and Solomon are based on actions within the scope of their judicial conduct. Therefore, these claims are dismissed under the doctrine of judicial immunity as frivolous. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (holding that "[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)).

4

C.  **People of the State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the People of the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

D.  **Warden Durante**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how Defendant Durante was involved *personally* in the events underlying his claims. Although Plaintiff appears to believe that Durante participated in decisions regarding Plaintiff's appearance at his grand jury proceedings, as the warden of MDC, the facts alleged do not even suggest that Durante had any involvement in Plaintiff's criminal proceedings. As Plaintiff's only claim against Durante concerns Plaintiff's participation in his grand jury proceeding, the claims against Durante are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's request for the appointment of pro bono counsel (ECF No. 4) is denied as moot.

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 3, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge